# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF GEORGIA

# SAVANNAH DIVISION

| | | |
|---|---|---|
| CHARLES ALLEN, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. CV407-040 |
| E. BRETT, CARL DAVIS, and RICHARD JAMES, | ) ) ) ) | |
| Defendants. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed a complaint pursuant to 42 U.S.C. § 1983. Doc. 1. On March 23, 2007, the Court granted plaintiff leave to proceed *in forma pauperis* on the condition that he return a Prisoner Trust Account Statement form and a Consent to Collection of Fees from Trust Account form within thirty days of the order. The Court informed plaintiff that his failure to return these forms would result in a recommendation that this case be dismissed. Plaintiff has returned the two forms; the case therefore is ready to proceed.

Congress has significantly changed the procedures for handling civil actions filed by prisoners or other detainees. Prison Litigation Reform Act,

Pub. L. No. 104-134, 110 Stat. 1321 (PLRA). Under the PLRA, a federal court "shall on its own motion or on the motion of a party dismiss any action brought with respect to prison conditions under [42 U.S.C. § 1983] . . . if the court is satisfied that the action is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant who is immune from such relief." 42 U.S.C. § 1997e(c)(1). The PLRA requires the federal courts to conduct early screening of all prisoner suits against governmental entities or officials for the purpose of identifying claims that are subject to immediate dismissal. 28 U.S.C. § 1915A. The Court therefore will examine plaintiff's complaint to determine whether he has stated a colorable claim for relief under § 1983.

Plaintiff's claim arises out his alleged unlawful termination and current incarceration. In 2006, plaintiff was working for Wal Mart as a part of the work release program for the Savannah Men's Transitional Center ("SMTC"), a local "half-way" facility. Doc. 1. On May 31, 2006, he was unloading merchandise when he "became dizzy and ill." Id. Plaintiff informed Ms. Danielle from human resources that he was feeling ill and she allegedly insisted that he rest. Id. While resting outside, defendant E.

Brett, the floor supervisor, approached plaintiff and allegedly ordered him to return to work, even after plaintiff explained that he was feeling sick and that Ms. Danielle advised him to rest. Id. Brett allegedly threatened to fire plaintiff and report him to SMTC if he did not return to work. Id. Plaintiff refused to go back to work, and Brett subsequently fired him. Id.

After returning to SMTC, plaintiff continued to feel sick and was taken to the medical unit. Doc. 1. While at the medical unit, Officer Burns checked plaintiff's blood pressure, which allegedly was "extremely high." Id. On June 1, 2006, plaintiff was taken to the Curtis V. Cooper Primary Healthcare Clinic due to his continued high blood pressure. Id. At the clinic plaintiff saw Dr. Callingos, who allegedly diagnosed him with hypertension and prescribed him medication. Id. Plaintiff contends that after explaining to Dr. Callingos that he was terminated from his job, Dr. Callingos wrote him a "light duty excuse (medical) to report back to job." Id. Upon arriving back at SMTC, plaintiff was served with a disciplinary report for "failure to follow instructions for getting fired from [his] job." Id. On June 5, 2006, Ella Moore, the disciplinary investigator, allegedly recommended to Chief Carl Davis, the hearing officer, that plaintiff's

disciplinary report be dismissed. Id. Plaintiff contends that Chief Davis "disregarded the hard evidence" and found him guilty of the allegations in the disciplinary report and recommended that plaintiff proceed before the Classification Committee, of which defendants Davis and James were members. Id. On June 5, 2006, plaintiff appealed the finding of the disciplinary report to Superintendent R. James. Id. Later that evening, Sgt. Williams allegedly told plaintiff to "retrieve all [his] property and return back to prison." Id. Plaintiff subsequently returned to prison on June 6, 2006. Id.

Plaintiff claims that he returned to prison "through conspiracy to send [him] back . . . without probable cause." Doc. 1. Plaintiff alleges that he filed an appeal to the Superintendent of SMTC on June 5, 2006, which was denied. Id. He also contends that he filed a second appeal in June 2006 to the Department of Correction's administrative headquarters in Atlanta, Georgia, but he has yet to receive a response. Id. Plaintiff contends that its been over eight months since he sent out his last appeal, and that he has filed the instant complaint "based on Dept. of Corrections procrastination . . . in this case." Id. He seeks "monetary damages, punitive damages,

compensation, loss of job wages and damages" resulting from the termination of his job, which allegedly constitutes a violation of the Americans with Disabilities Act. Id.

To the extent plaintiff is attempting to litigate the lawfulness of his incarceration at D. Ray James Prison, a lawsuit under § 1983 is not the proper means for bringing such a challenge. The appropriate course is for plaintiff to institute habeas corpus proceedings, for any challenge to the fact or duration of a prisoner's confinement (rather than to the *conditions* of confinement) is properly treated as a habeas matter, with the attendant requirement that state judicial remedies be exhausted prior to seeking federal habeas relief. Preiser v. Rodriguez, 411 U.S. 475, 488-90 (1973) (challenges to the fact of duration of state confinement must be treated as an action under § 2254); 28 U.S.C. § 2254(b)(1)(A) (a federal writ of habeas corpus may not be granted until "the applicant has exhausted the remedies available in the courts of the State").[1] Nor can plaintiff resort to § 1983 if a verdict in his favor on a damages claim would call into question the

---

[1] Habeas corpus is an available procedural vehicle in Georgia to challenge the revocation of parole or probation. See Justice v. State Board of Pardons and Paroles, 234 Ga. 749, 218 S.E.2d 45 (1975). Until plaintiff exhausts his state habeas remedies, he may not seek relief in this court. 28 U.S.C. § 2254 (b)(1)(A).

legitimacy of his continued incarceration. The Supreme Court has held that if the relief requested in a § 1983 action would necessarily undermine the plaintiff's conviction or sentence, plaintiffs cause of action simply "does not accrue until the conviction or sentence has been invalidated." Heck v. Humphrey, 512 U.S. 477, 489 (1994).

Furthermore, § 1983 is not available as a remedy to address a violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C.A. § 1201 et. seq. Holbrook v. City of Alpharetta, Ga., 112 F.3d. 1522, 1531 (11th Cir. 1997). A "'plaintiff cannot maintain a section 1983 action in lieu of—or in addition to—[an] . . . ADA cause of action if the only alleged deprivation is the [plaintiff's] rights created by . . . the ADA.'" Badillo v. Thorpe, 158 Fed. Appx. 208, 213 (11th Cir. 2005) (citing Holbrook, 112 F.3d at 1531.). Here, plaintiff alleges that he was terminated in violation of the ADA, after refusing to work due to his high blood pressure. Doc. 1. Plaintiff, however, cannot maintain a § 1983 action as a means of vindicating rights created by the ADA. See 42 U.S.C.A. § 12112.

Nor has plaintiff exhausted his administrative remedies. Plaintiff concedes that he has filed a second appeal to the "administrative

headquarters" of the Department of Corrections but states that he has yet to receive a response. Doc. 1. He further states that he has filed a "petition for mandamus to make them (Inmate Affairs and Appeals) send appeal response to [him]." Id. Prior to bringing a § 1983 action, a prisoner is required to exhaust all available administrative remedies. 42 U.S.C. § 1997e(a). The Eleventh Circuit has made clear that this mandatory exhaustion requirement is a "'pre-condition to suit'" that must be enforced even if the available administrative remedies are either futile or inadequate. Harris v. Garner, 190 F.3d 1279, 1285-86 (11th Cir. 1999) (quoting Alexander v. Hawk, 159 F.3d 1321, 1325-26 (11th Cir. 1998), vacated, 197 F.3d 1059, reinstated in part, 216 F.3d 970 (11th Cir. 2000)).

Based on the foregoing, the Court recommends that plaintiff's complaint be **DISMISSED** for failure to state a claim for relief.

**SO REPORTED AND RECOMMENDED** this 21st day of May, **2007.**

UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA